On 21 January, 1921, the defendant issued to plaintiff a policy of insurance, specifying that twenty per cent of the premium was for life insurance and eighty per cent was for sickness or accident insurance. The policy contained the following provision: "This policy and receipt book, or card, containing the entries of premiums paid shall be exhibited on demand to the officers or authorized agent of the company at any time or before payment thereunder," etc. The pertinent portions of the cancellation clause of the policy are as follows: "Except within the contestable period of two years from date of policy, and then only for material misrepresentation on the application therefor, the company will have no right to cancel the insurance payable at death, except for nonpayment of premium. However either the company or the insured has the right to cancel or reduce the insurance granted herein against disability from sickness or accident, in which event that part of the premium payable to such disability insurance would be discontinued or proportionately reduced: Provided, that the company may exercise this right only by written notice, either delivered to the insured or mailed to the insured's last address as shown by the records of the company with cash or company's check for unearned premiums," etc.
The plaintiff paid the premiums up to and including 18 September, 1933. The plaintiff had received certain disability benefits, and the defendant made demand upon the plaintiff to exhibit the policy in accordance with the terms thereof. The plaintiff declined to deliver or exhibit the policy to the agent of defendant. The husband of plaintiff, who paid the premiums for her, said: "The general manager . . . came to the window and took my book and looked at it and said: `I won't accept any more premiums until you give me them policies.' I said I was not going to give them up because I didn't want them canceled, and I started on off. He said he would send the sheriff out there and get them. I said: `Send the sheriff, and if he command them, I have to give them over.' I told them I had come to pay the premium and presented the money and book at the office window, and they told me they wouldn't accept any more premiums until I gave up those *Page 632 
policies, and I told them all right, and took the book and started on off. . . . . Mr. Todd didn't say anything about showing him the policies. Said he would not accept any more premiums until I gave him those policies. He didn't tell me at that time that all he wanted to do was see the policies and he would give them back to me. He told me to give up the policies or he was going to send the sheriff and demand them."
The defendant offered evidence tending to show that the local office did not carry copies of all policies written through the office for the reason that such records would be very voluminous, and that they made demand upon the plaintiff to exhibit the policy in accordance with the terms thereof for the purpose of checking their records, and that they had no intention of trying to deprive the plaintiff of the policy. The plaintiff brought a suit before a justice of the peace for the sum of $160.00, presumably for breach of contract and to recover premiums paid to the defendant. The defendant issued a notice to produce the policy at the trial, and after judgment had been rendered in favor of the plaintiff, the defendant notified the plaintiff that it would continue the policy in full force if the plaintiff would continue to pay the premiums. Plaintiff declined to comply with this offer.
Upon appeal to the Superior Court, the trial judge nonsuited the case at the conclusion of the evidence. From such judgment the plaintiff appealed.
The policy of insurance specified a particular method of cancellation. There is no evidence that this method has been pursued, and therefore the refusal of the agents of the company to accept further premiums did not terminate the contract. The policy further provided that the agents of the company should have the right to inspect the policy. The plaintiff declined to tender the policy for inspection, but the inspection clause in the policy did not impose forfeiture for the breach of such provision, and as the law does not favor forfeitures, the defendant had no right to forfeit the policy because the plaintiff refused to exhibit it upon demand. It necessarily follows that as the policy neither has been forfeited nor canceled that it is still in force as a valid and subsisting contract. Hence, the plaintiff could not maintain an action to recover premiums paid on the contract.
Affirmed. *Page 633